**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-51101**
**Summary Calendar**

_____

**ETHEL WALTON,**

**Plaintiff-Appellant,**

**versus**

**BAYLOR UNIVERSITY,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(W-97-CV-264)**

_____

**May 7, 1999**

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ethel Walton appeals the adverse summary judgment in her ADEA and Title VII action against Baylor University.

As is more than well-established, we review a summary judgment *de novo*, applying the same standard as the district court. *E.g.*, *OHM Remediation Services v. Evans Cooperage Co., Inc.*, 116 F.3d 1574, 1579 (5th Cir. 1997). Such judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Walton claims that various transfers, changes in job duties, and leaves with pay constituted adverse employment action; that Baylor's proffered reasons for these decisions are a pretext for age and race discrimination; and that she was retaliated against for filing a complaint with the EEOC. Pursuant to our *de novo* review of the record and review of the briefs, summary judgment was proper, for essentially the reasons stated by the district court. *See* ***Walton v. Baylor University***, No. W-97-CA-264, mem. op. (W.D.Tex. Sept. 24, 1998).

***AFFIRMED***